United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MOGAN,

           Plaintiff,

   v.

IOANA PETROU, et al.,

           Defendants.

Case No.  21-cv-06959-TSH

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 8

## I.    INTRODUCTION

Plaintiff Michael Mogan brings this 42 U.S.C. § 1983 due process case against Justice Ioana Petrou of the Court of Appeal for the State of California and Judge Ethan Schulman of the Superior Court of California, County of San Francisco ("Defendants"), arising from his disagreement with their rulings related to the imposition of sanctions against him pursuant to Code of Civil Procedure section 128.7.  Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF No. 8.  Mogan filed an Opposition (ECF No. 11) and Defendants filed a Reply (ECF No. 12).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 9, 2021 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' motion for the following reasons.[1]

## II.    BACKGROUND

Mogan is an attorney licensed to practice in California.  Compl. ¶ 1, ECF No. 1.  He represented Veronica McCluskey in a civil action in California state court and in arbitration

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 7, 10.

1
2
3
4
5
6
7
8
9
10

11
12
13
14
15
16
17
18
19

20
21
22
23
24
25

26
27
28

proceedings against several employees of Airbnb after the state court compelled arbitration based on an agreement executed between McCluskey and Airbnb.  *Id.* ¶ 6.  Mogan alleges the American Arbitration Association ("AAA") closed the arbitration proceedings because the Airbnb defendants failed to timely pay their filing fee.  *Id.* ¶ 7.  However, after Mogan filed a motion to lift the stay in superior court, Judge Schulman denied the motion, finding AAA made a clerical error by misapplying the Airbnb defendants' timely fees.  *Id.* ¶ 13.  Judge Schulman also found that once AAA acknowledged its mistake, it requested but did not receive confirmation from McCluskey that she wished to proceed.  *Id.* ¶ 13.  Judge Schulman stated: "The Court will not allow Plaintiff to take advantage of the AAA's clerical error and her own lengthy delays in order to evade her contractual obligation to arbitrate her claims, if she wishes to pursue them."  *Id.*

Following Judge Schulman's ruling, the Airbnb defendants filed a motion for sanctions pursuant to California Code of Civil Procedure section 128.7.  *Id.* ¶ 14.  Judge Schulman granted the motion in part and awarded over $22,000 in fees against Mogan (but not McCluskey), finding the motion to lift the stay was "both factually and legally frivolous."  *Id.* ¶ 15.  Mogan and McCluskey appealed the order, arguing Judge Schulman abused his discretion in ordering sanctions, but in November 2020, Justice Petrou affirmed the sanctions award.  *Id.* ¶¶ 19, 25. Mogan subsequently filed a petition for rehearing in the Court of Appeal, which was denied, and filed a petition for review in the California Supreme Court, which was also denied.  *Id.* ¶¶ 28-36, 46.

Mogan filed the present complaint on September 8, 2021, alleging Defendants' actions resulted in the deprivation of his substantive and procedural due process rights.  *Id.* ¶¶ 47-61.  He seeks a declaratory judgment, "declaring the acts of the defendants to be a violation of plaintiff's constitutional rights to freedom to procedural due process and substantive due process," a temporary restraining order, and a preliminary and permanent injunction enjoining Defendants from enforcing the sanctions award and "further violating Plaintiff's civil rights."  *Id.* at 12:7-12.

Defendants filed the present motion on October 22, 2021, arguing Mogan's complaint must be dismissed pursuant to Rule 12(b)(1) because this Court does not have subject matter jurisdiction pursuant to the Eleventh Amendment and the *Rooker-Feldman* doctrine, and because

2

1   Mogan lacks Article III standing.  Mot. at 1.  Defendants further argue the complaint must be

2   dismissed under Rule 12(b)(6) because the claims are based on official, judicial acts by Justice

3   Petrou and Judge Schulman, and therefore any cause of action is barred by absolute judicial

4   immunity.  *Id.*

5                                      **III.   LEGAL STANDARD**

6   **A.      Rule 12(b)(1)**

7          Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power

8   authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen*

9   *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).   Accordingly, "[i]t

10  is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing

11  the contrary rests upon the party asserting jurisdiction."  *Id.*; *Chandler v. State Farm Mut. Auto.*

12  *Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

13         Rule 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter

14  jurisdiction.  A jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*,

15  373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial, the court determines whether the

16  allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction,

17  accepting all material allegations in the complaint as true and construing them in favor of the party

18  asserting jurisdiction.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Where the attack is factual,

19  however, "the court need not presume the truthfulness of the plaintiff's allegations."  *Safe Air for*

20  *Everyone*, 373 F.3d at 1039.  The present motion is a facial attack.

21         Dismissal of a complaint without leave to amend should only be granted where the

22  jurisdictional defect cannot be cured by amendment.  *Eminence Cap., LLC v. Aspeon, Inc.*, 316

23  F.3d 1048, 1052 (9th Cir. 2003).

24  **B.      Rule 12(b)(6)**

25         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

26  sufficiency of a claim.  A claim may be dismissed only if it appears beyond doubt that the plaintiff

27  can prove no set of facts in support of his claim which would entitle him to relief."  *Cook v.*

28  *Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and quotation marks omitted).  Rule 8

United States District Court
Northern District of California

provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Twombly*, 550 U.S. at 555 (quotations and citation omitted).

In considering a motion to dismiss, the court accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citations and quotations omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.   DISCUSSION

### A.   *Rooker-Feldman* **Doctrine**

Under 28 U.S.C. § 1257, only the United States Supreme Court has appellate jurisdiction over state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). Thus, under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to hear direct or de facto appeals from state-court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462

United States District Court
Northern District of California

4

1   (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 482 (1923); *Fowler v. Guerin*, 899 F.3d 1112,

2   1119 (9th Cir. 2018); *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003).  The doctrine is narrow

3   and confined to "cases brought by state-court losers complaining of injuries caused by state-court

4   judgments rendered before the district court proceedings commenced and inviting district court

5   review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

6   U.S. 280, 283-84 (2005).  Put another way, when a losing plaintiff in state court brings a suit in

7   federal court asserting as legal wrongs the rulings of the state court and seeks to vacate or set aside

8   the judgment of that court, the federal suit is a forbidden de facto appeal.  This rule applies "even

9   when the challenge to the state court decision involves federal constitutional issues."  *Worldwide*

10  *Church of God McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (citing *Feldman*, 460 U.S. at 484-86).

11      When a federal lawsuit is barred, at least in part by the *Rooker-Feldman* doctrine, a federal

12  court must refuse to decide any issue that is "inextricably intertwined" with the state court's

13  decision because "[i]f the constitutional claims presented to United States District Courts are

14  inextricably intertwined with a state court's denial in [a] judicial proceeding . . ., then the District

15  Court is in essence being called upon to review the state court decision.  This the District Court

16  may not do."  *Feldman*, 460 U.S. at 483 n.16.  To determine whether allegations in the complaint

17  are "inextricably intertwined" with the state court's decision, the court considers whether "the

18  relief requested would effectively reverse the state court decision or void its ruling."  *Fontana*

19  *Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Pennzoil Co. v.*

20  *Texaco, Inc.*, 481 U.S. 1, 25 (1987) (a claim is inextricably intertwined with a state court judgment

21  if "the federal claim succeeds only to the extent that the state court wrongly decided the issues

22  before it.").

23      Mogan's claims are inextricably intertwined with the state court decisions because the

24  relief he seeks, declaring Defendants' acts to be a violation of his constitutional rights and

25  enjoining Defendants from enforcing the sanctions award, 'would effectively reverse the state

26  court decision or void its ruling."  *Fontana Empire Center*, 307 F.3d at 992.  This Court does not

27  have jurisdiction because "it cannot evaluate the constitutional claims without conducting a review

28  of the state court's legal determinations in a particular case."  *Lefcourt v. Superior Ct. for Cty. of*

United States District Court
Northern District of California

*San Francisco*, 63 F. Supp. 2d 1095, 1098 (N.D. Cal. 1999), *aff'd*, 7 F. App'x 684 (9th Cir. 2001). To award Mogan relief, the Court must review Judge Schulman's and Justice Petrou's decisions and determine that those rulings were erroneous.  This, according to *Rooker-Feldman*, the Court cannot do.

In his opposition, Mogan does not address the *Rooker-Feldman* doctrine.  Instead, he argues his claims may proceed because his constitutional arguments were not considered at the state level, and when "[i]mportant personal rights of Plaintiff are at stake here and when unjust injuries are inflicted by unconstitutional judicial acts, the State of California should be forced to bear the cost of the wrongful act, not the individual as Plaintiff has been forced to here thus this is why Plaintiff sought prospective injunctive relief and costs of this suit." Opp'n at 5-6.  That argument, however, is circular: for the Court to find the orders unconstitutional, it would need to have subject matter jurisdiction to review the orders first.  *See Rooker*, 263 U.S. at 415-16 ("If the [state court] decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding . . . .  Under the legislation of Congress, no court of the United States other than [the Supreme C]ourt could entertain a proceeding to reverse or modify the judgment for errors of that character.").  In considering whether a complaint is a de facto appeal, "[i]t is immaterial that [a plaintiff] frames his federal complaint as a constitutional challenge to the state court's decision, rather than as a direct appeal of that decision." *Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012).  Mogan attempts to frame his complaint as a constitutional challenge, but the remedy he seeks is relief from rulings by state court judicial officers.  As such, applying the *Rooker-Feldman* doctrine to Mogan's complaint, the Court finds that "adjudication of the federal claims would undercut [a] state ruling"; therefore, "the federal complaint must be dismissed for lack of subject matter jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see also Fotinos v. Labson-Freeman*, 2014 WL 248446, at *3 (N.D. Cal. Jan. 22, 2014), *aff'd* (9th Cir. 14-15381, Aug. 18, 2014) (dismissing claims under the *Rooker-Feldman* doctrine where plaintiffs contended the state court orders were unconstitutional).

Mogan also argues his complaint may proceed because he seeks prospective injunctive

relief for constitutional violations. Opp'n at 3. Specifically, he argues Defendants are not shielded by judicial immunity because he is asking the Court to enjoin them from enforcing the fee award. *Id.* at 5. Assuming for the sake of Mogan's argument that the *Rooker-Feldman* does not apply to his claims, it is true that judicial immunity does not bar claims for prospective injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522, 532-36, 541-42 (1984) ("Our own experience is fully consistent with the common law's rejection of a rule of judicial immunity from prospective relief."). However, Mogan's characterization of the relief he seeks as "prospective" is flawed because the purported relief requires this Court to in effect overturn past state court rulings. Mogan seeks a declaratory judgment "declaring the acts of the defendants to be a violation of plaintiff's constitutional rights" and further seeks "a temporary restraining order, and a preliminary and permanent injunction enjoining defendants . . . from enforcing the $22,159.50 fee award the trial court granted against Plaintiff and further violating Plaintiff's civil rights . . . ." Compl. at 12. An order by this Court granting Mogan's requested relief – for example, a declaration that Defendants violated his constitutional rights when assessing and affirming an award of sanctions against him – requires a review of past decisions by Defendants and therefore cannot be characterized as "prospective." Mogan's claims are not independent from the state court litigation but instead arise directly from Defendants' past rulings ordering and affirming the sanctions award. Thus, Mogan's claims are not prospective, but are instead an attempt to overturn the imposition of sanctions in the state court action.

Regardless, as discussed above, "[t]he *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)). Thus, where a "plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision," the Court is not permitted to relitigate a case here that a plaintiff believes the state court got wrong. *Id.*; *Drevaleva v. Justs. of California Ct. of Appeal for First Dist., Div. Four*, 2020 WL 7773577, at *2 (N.D. Cal. Dec. 30, 2020) ("Though immunity would not bar [plaintiff's] claims for injunctive relief, the Anti-

United States District Court
Northern District of California

1   Injunction Act, considerations of federalism, and *Rooker-Feldman*, prohibit us from reaching out

2   into the California courts to rehear claims in a de facto appeal).

3   **B.      Other Grounds for Dismissal**

4           Due to the limitations imposed by *Rooker-Feldman*, the Court lacks subject matter

5   jurisdiction to review Mogan's claims.  Because his complaint must be dismissed on these

6   grounds, the Court declines to address Defendants' additional arguments for dismissal.  As no

7   additional facts could possibly cure the deficiencies in his complaint, the dismissal is with

8   prejudice.

9                                **V.    CONCLUSION**

10          For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss.  This

11  case is **DISMISSED WITH PREJUDICE**.  The Clerk shall enter judgment and close the case.

12          **IT IS SO ORDERED.**

13

14  Dated: November 17, 2021

15

16                                           THOMAS S. HIXSON
                                             United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28